# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**CHRIS MORK,** individually, and on behalf of all others similarly situated,

    *Plaintiff*,

v.

**IDC TECHNOLOGIES INC.,** a California corporation,

    *Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff Chris Mork ("Mork" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant IDC Technologies, Inc. ("IDC" or "Defendant") to stop IDC from violating the Telephone Consumer Protection Act by placing autodialed phone calls and text messages to consumers without their consent, and to obtain injunctive and monetary relief for all persons injured by IDC's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. IDC is a staffing and recruiting company that solicits consumers for jobs on behalf of clients needing employees primarily in the IT field and for Payroll/HR services.[1]

2. As part of their job recruiting brokerage service, IDC turns to online resume websites to harvest phone numbers from resumes posted online, and then autodials them, in hopes of reaching them and possibly placing them with a client of theirs for a commission.

---

[1] https://idctechnologies.com/

3.     IDC agents will call, send text messages and send emails to that person regardless of whether they consented to receive autodialed calls or texts from IDC.

4.     Unfortunately, in order to ensure efficiency and speed, IDC uses an autodialer to call potential consumers without their consent.

5.     In Plaintiff's case, IDC placed over 25 autodialed calls to him and sent autodialed text messages to his cellular phone, despite the fact that Plaintiff did not engage IDC for its job recruiting services or give them consent to call him using an autodialer, and despite repeated requests for the calls to stop.

6.     In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system, as well as an award of statutory damages to the members of the Classes and costs.

**PARTIES**

7.     Plaintiff Mork is a Cincinnati, Ohio resident.

8.     Defendant IDC Technologies, Inc. is a California corporation headquartered in Milpitas, California. Defendant conducts business throughout this District, the State of California, and throughout the United States.

**JURISDICTION AND VENUE**

9.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

10.    This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, does significant

CLASS ACTION COMPLAINT
-2-

business here and throughout the state of California, and because the wrongful conduct giving rise to this case occurred in and/or was directed from this District.

### COMMON ALLEGATIONS

### IDC Markets its Services by Placing Autodialed Calls to Consumers'Cellular Phone Numbers Without Consent

11. IDC places calls primarily from India using the Aspect Dialer, an autodialer that allows for automatic and predictive dialing:

[2]

12. As the above image states, the Aspect Dialer allows for multiple dialing, campaign and call list management, answering machine detection and automatic dialing.[3]

13. In order to manage the operation of the Aspect Dialer for its workforce in India, IDC has a number of positions dedicated to managing their dialer.

14. For example, Krishan Kumar Chauhan is the Senior Network Engineer & Dialer Executive for IDC Technologies:

---

[2] https://calldesignna.com/dialer/
[3] id

CLASS ACTION COMPLAINT
-3-

Krishan Kumar Chauhan
Sr. Network Engineer & Dialer Executive at IDC Technologies Sol (I) Pvt Ltd
Noida Area, India

IDC Technologies Sol (I) Pvt Ltd
Saharanpur
See contact info
75 connections

Experience

IDC Technologies Sol (I) Pvt Ltd
9 yrs

Sr. Network Engineer & Dialer Executive
Jan 2012 – Present · 7 yrs 3 mos
Managing the Aspect Dialer and all the network Infrastructure.

Asst IT Manager IDC Technologies Pvt Ltd
2010 – Present · 9 yrs
Noida Area, India
Dealing With the Vendors, Infrastructure and all the network related issue

[4]

On Linkedin, Chauhan specifically states that his job entails, "[m]anaging the Aspect Dialer and all the network Infrastructure."[5]

15. Vijay Jumar has the job title "Dialer Manager" working for IDC:

Vijay Kumar
Dialer Manager at IDC Technologies, Inc.
East Delhi, Delhi, India

IDC Technologies, Inc.
Delhi University
See contact info
21 connections

---

[4] https://www.linkedin.com/in/krishan-kumar-chauhan-11b71526/
[5] id

> Experience
>
> **Manager - Dialer Ops**
> IDC Technologies, Inc.
> Jan 2016 – Present · 3 yrs 3 mos
> Noida Area, India

[6]

Kumar specifically states that he is the "Manager – Dialer Ops."[7]

      16.    Arvind Sharma is the Assistant Manager IT for IDC. In his Linkedin profile, Sharma states that he has "7+ years of extensive hands-on experience in Aspect Dialer Administration…" among other skills working for IDC:

> **Arvind Sharma** · 3rd
> Asst Manager IT IDC Technologies Solution Pvt Ltd
> South West Delhi, Delhi, India
>
> [ Connect ]  [ … ]
>
> IDC Technologies.com
> Rajasthan University
> See contact info
> 500+ connections
>
> **7+ years of extensive hands-on experience in Aspect Dialer Administration**, Windows systems Administration and in technical troubleshooting Working on Aspect Unified IP v6.7 & v6.7 for M3 (IVR) scripting also worked on Aspect UIP v6.1, EPro

[8]

      17.    In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer"). Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

      18.    According to the Federal Communications Commission in its 2012 order, the TCPA requires prior express consent for all autodialed calls to cellular phone numbers. *See In*

---

[6] https://www.linkedin.com/in/vijay-kumar-004988145/
[7] id
[8] https://www.linkedin.com/in/arvind-sharma-90283328/

*the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

19. Yet in violation of this rule, Defendant fails to obtain express consent prior to placing autodialed calls to cellular telephone numbers such as Plaintiff's cellular number.

20. Telemarketing complaint sites are filled with complaints about unsolicited autodialed calls that consumers have received from Defendant, including consumers that were unable to stop IDC from contacting them illegally. This is just a small sampling of those complaints:

- "Thi is an Indian job recruiter, called IDC Technologies, located in Milpitas/San Jose, California. Their 'recruiters' continue to call me about out-of-state jobs that don't match my skills. I have **told them** that I will not do business with them and **stop calling, yet they continue to call.** I'm not sure why they can't take 'no' for answer."[9] (emphasis added)
- "There is no vetting being performed by IDC. I receive five to ten emails and phone calls a day from someone at IDC… It seems that they are also reaching out to me because my resume may have just one word that matches a job description that they are working with."[10]
- "Today's untargeted job posting from IDC Technologies was for an OpenStack consultant. Not only is OpenStack nowhere on my resume, I don't even know what the hell it is."[11]
- "Call, 3 minute silence on voicemail, no message. Suspect robocall… Doesn't seem valid. Will take further action if needed."[12]
- "Received 5 calls within a 15 minute period. No one spoke or left VMs, only silence and strange noises."[13]
- "Called me on my pay-as-you-go cell phone. I don't know how they got that number. I don't give it out except to family and close friends."[14]
- "This number called twice and left two 3 minute messages with nothing but music and someone making other calls."[15]

---

[9] https://800notes.com/Phone.aspx/1-408-457-9381
[10] https://www.facebook.com/pg/IDCTechnologiesInc/reviews/?ref=page_internal
[11] *Id.*
[12] https://800notes.com/Phone.aspx/1-408-457-9399
[13] *Id.*
[14] https://800notes.com/Phone.aspx/1-408-457-9381
[15] *Id.*

CLASS ACTION COMPLAINT
-6-

- "I get these emails and calls all the time with jobs that are nowhere near where I live and I always wondered about why a recruiter would contact me about jobs across the country."[16]
- "You will get 5-6 calls every day…"[17]

[16] https://800notes.com/Phone.aspx/1-408-418-5779
[17] https://www.glassdoor.com/Interview/IDC-Technologies-Interview-Questions-E376804_P3.htm

# PLAINTIFF'S ALLEGATIONS

## IDC Repeatedly Called and Texted Plaintiff's Cell Phone Number Without Plaintiff's Consent

21. Plaintiff never contacted IDC to help him find a job.

22. Notwithstanding, IDC agents began to call Plaintiff in late January 2019 with job offers.

23. On January 30, 2019, Velmurugan Dharman, an IDC recruiter contacted Plaintiff through an autodialed phone call to Plaintiff's cellular phone. Dharman then presented Plaintiff with an offer by email for a job.

24. When Plaintiff answered the call from IDC, he heard a noticeable pause before a live agent finally came on the line.

25. Plaintiff rejected the job offer by phone on the day the job was offered and told Dharman that he did not want to be contacted again either by phone or by email because IDC was clearly offering Plaintiff a job that was not relevant for his qualification.

26. Despite Plaintiff's demand that IDC not contact him again, he received additional calls from other IDC recruiters about either the same, or different job offers that were not relevant to him. Plaintiff told each IDC recruiter that he spoke to that he did not want to receive any more calls, as none of the calls were relevant to him and were interfering with his ongoing job search, and interrupting job interviews he was having by phone. Plaintiff even went so far as to request to speak with a manager, but he was told that the recruiters could not do that.

27. Plaintiff received 12 phone calls from Defendant alone on January 30, 2019:

- 408-419-4784 – January 30, 2019 – left voicemail
- 408-516-4993 – January 30, 2019 – not answered – voicemail left
- 408-963-0363 – January 30, 2019 – not answered

- 408-429-2918 – January 30, 2019 – answered and told not to call again
- 408-418-5778 – January 30, 2019 – answered and told not to call again
- 408-429-2835 – January 30, 2019 – not answered
- 408-429-2918 – January 30, 2019 – answered and told not to call again
- 408-648-2053 – January 30, 2019 – answered and told not to call again
- 408-648-0954 – January 30, 2019 – answered and told not to call again
- 408-469-4223 – January 30, 2019 – answered and told not to call again
- 408-963-0108 – January 30, 2019 – answered and told not to call again
- 408-457-9399 – January 30, 2019 – not answered

28. Plaintiff received additional calls in February and March of 2019, despite his numerous requests for the calls to stop.

29. Simply put, IDC did not obtain Plaintiff's prior express consent to place phone calls to him on his cellular telephone using an autodialer.

30. On information and belief, Defendant placed autodialed calls *en masse* to the cellular telephone numbers of thousands of consumers.

31. The unauthorized autodialed telephone calls placed by IDC, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Mork's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

32. The autodialed calls were especially distressing to Mork, who was searching for a job at the time he was being harassed by invasive calls from Defendant's agents.

33. Seeking redress for these injuries, Plaintiff Mork, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims
Arising From Text Messages Sent by IDC**

34. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using substantially similar dialing equipment as used to call Plaintiff, (4) without consent.
>
> **Autodialed Stop Class**: All persons in the United States who from four years prior to the filing of this action through the present: (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an automated telephone dialing system, (4) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

35. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

36. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant utilized an automatic telephone dialing system to place calls to Plaintiff and the members of the Classes;

    (b) whether Defendant placed autodialed phone calls to Plaintiff and members of the Classes without first obtaining prior express consent to place the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

39. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

40. Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and incorporates them by reference.

41. Defendant and/or its agents unwanted telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

42. These telephone calls were placed without the consent of the Plaintiff and the other members of the Autodialed No Consent Class.

43. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

44. Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and incorporates them by reference.

45. Defendant and/or its agents unwanted telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class after being told to stop calling.

46. These telephone calls were placed without the consent of the Plaintiff and the other members of the Autodialed No Consent Class.

47. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Call Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mork, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

                                      Respectfully Submitted,

                                      **CHRIS MORK**, individually and on behalf of those similarly situated individuals

Dated: May 8, 2019                  By:   /s/ *David Ratner*

                                      David S. Ratner, Esq.
                                      David Ratner Law Firm, LLP
                                      33 Julianne Court
                                      Walnut Creek, CA 94595
                                      Telephone: (917) 900-2868
                                      David@davidratnerlawfirm.com

                                      Rachel Kaufman
                                      kaufman@kaufmanpa.com
                                      KAUFMAN P.A.
                                      400 NW 26th Street
                                      Miami, FL 33127
                                      Telephone: (305) 469-5881

                                      *Attorneys for Plaintiff and the putative Classes*

CLASS ACTION COMPLAINT
-14-